## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Matthew F. Kennelly | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 97 C 1349 | **DATE** | 9/24/2003 |
| **CASE TITLE** | Higbee vs. Sentry Insurance Co. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]  For the reasons set forth in the attached Memorandum Opinion and Order, the Court denies Sentry's motion for summary judgment as to the sexual harassment and age discrimination claims, but grants the motion as to the retaliation claim (87). The case is set for a status hearing on 10/2/03 at 9:30 a.m. to discuss the possibility of settlement. The final pretrial order remains due on 10/31/03.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | SEP 29 2003 | |
| | Notified counsel by telephone. | | date docketed | 92 |
| ✓ | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| OR | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ROSEMARY HIGBEE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 97 C 1349 |
| ) | |
| SENTRY INSURANCE CO., ) | |
| ) | |
| Defendant. ) | |

DOCKETED
SEP 29 2003

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

Plaintiff Rosemary Higbee sued her former employer Sentry Insurance Co., alleging sexual harassment, age discrimination and retaliation in violation of Title VII, 42 U.S.C. §§ 2000e *et seq.*, and the Age Discrimination in Employment Act, 29 U.S.C. § 626(b). Sentry filed a motion for summary judgment as to all three claims. For the reasons stated below, the Court denies Sentry's motion for summary judgment on the sexual harassment and age discrimination claims, but grants Sentry's motion on the retaliation claim.

### Factual Background

Higbee was born on Sept. 14, 1937. Def.'s Facts ¶ 2. She worked as a rehabilitation nurse for Sentry, a national insurance company, from May 16, 1988 to Sept. 11, 1996. Def.'s Facts ¶¶ 1, 3. Sentry's claims adjusters referred work-related physical injury claims to Higbee and outside vendors to evaluate the claims, set up doctor's appointments for claimants, attend the appointments, and follow the cases until the claimant returned to work. Def.'s Facts ¶¶ 4-5.

1

Higbee lived and worked in the Chicago-area, but several times a year she would meet with the claims adjusters located in one of Sentry's Stevens Point, Wis., offices. On her visits to Stevens Point, Higbee would discuss her cases with Ted Francsis, the Illinois unit manager in charge of the claims adjusters who referred cases to Higbee. Francsis had the authority to determine whether cases were assigned to Higbee. Lang Dep. at 44; *e.g.*, Francsis Dep. at 53. As the Illinois Unit Manager from 1988 until he was promoted on Aug. 29, 1994, Francsis provided feedback to Higbee's direct supervisor, Richard Lang, on her case work. Lang Dep. at 36.

In her first year with Sentry, Higbee received a "commendable" rating on her annual performance evaluation. Pl.'s Ex. E. In 1990, 1991 and 1992 she received "superior" ratings. Pl.'s Ex. F; Def.'s Mot. Ex. J & K. However, in November of 1993 she received a performance rating of "unacceptable." Def.'s Mot. Ex. L. On March 1, Higbee and Lang met to talk about her performance and they discussed the possibility of Higbee retiring, although today they disagree on the tenor of that 1994 conversation. *Compare* Lang's Dep. at 95-96 *with* Pl.'s Dep. at 439-42. Two days later, Lang followed up their conversation with a memo to Higbee. However, Higbee had no intention of retiring, Pl.'s Dep. at 442, and by June 7, Lang had reevaluated her performance and given her an "acceptable" rating, the second lowest rating on Sentry's five-level scale. Def.'s Mot. Ex. 4.

Higbee alleges that in mid-1993, Francsis touched her breast during a one-on-one meeting. Pl.'s Dep. at 124, 135-39. She says Francsis touched her breast again on three different occasions: at Sentry's offices in the fall of 1993 and early 1994, Pl.'s Dep. at 124-25, and at an employee gathering at a Holiday Inn bar. Pl.'s Dep. at 187-88. Higbee did not immediately report these incidents. On Oct. 25, 1994, Higbee called the director of corporate property and

2

casualty claims, Howie Augustine, and claimed that Francsis had harassed her and was withholding referrals from her for rejecting his sexual advances. Def.'s Facts ¶ 61. Augustine asked human resources specialist Karen Houdek to investigate Higbee's complaint. *Id.* ¶ 63. Houdek interviewed Higbee, Francsis, Francsis's boss, the unit manager who replaced Francsis when he was promoted, and seven claims adjusters. Pl.'s Ex. D. Francsis said there were times he would not assign cases to Higbee because national account customers had been unhappy with her past performance, Francsis Dep. at 53, but he denied Higbee's allegations of sexual harassment. *Id.* at 52.

Houdek concluded in an internal report that "there is no truth to the allegations made by Rose Higbee that Ted Francsis sexually harassed her and retaliated against her. Instead, I believe that Higbee's allegations are an attempt to deflect attention from her own serious performance problems." Pl.'s Ex. D at 1. Higbee was informed by memo dated Dec. 6, 1994, that "there is no credible evidence that Ted Francsis sexually harassed [her]." Def.'s Mot. Ex. N. The memo further stated that "Karen found that the Adjusters' dissatisfaction with your work was unanimous, longstanding, and arrived at independent of Ted Francsis." *Id.*

Despite this criticism of Higbee's performance, she received an "acceptable" rating on her May 1995 performance evaluation. Def.'s Mot. Ex. 9. But on Sept. 10, 1996, Lang gave her an "unacceptable" rating, and he and Houdek fired her. Def.'s Mot. Ex. Q & R.

## Analysis

Sentry moves for summary judgment on all three of Higbee's claims. Summary judgment is proper when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and

3

that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The Court's "function is not to weigh the evidence but merely to determine if 'there is a genuine issue for trial.'" *Bennett v. Roberts*, 295 F.3d 687, 694 (7th Cir. 2002) (citation omitted). The Court evaluates admissible evidence in the record in the light most favorable to the nonmoving party. *Id.* at 694. But "[t]he nonmovant will successfully oppose summary judgment only when it presents 'definite, competent evidence to rebut the motion.'" *Vukadinovich v. Bd. of Sch. Tr. of N. Newton Sch. Corp.*, 278 F.3d 693, 699 (7th Cir. 2002) (citation omitted). "The mere denial of a particular fact without specific references to affidavits, parts of the record, and other supporting materials is insufficient, and, where a properly supported factual assertion is met with such a naked denial, the fact may be deemed admitted." *Fuller v. Caterpillar Inc.*, 124 F. Supp. 2d 610, 614 (N.D. Ill. 2000).

Sentry argues that its statements of material fact should be deemed admitted because Higbee has not responded to each asserted fact as required by Local Rule 56.1(b)(3). Under this Rule, the non-moving party's response to the moving party's statement of material facts must contain "a response to each numbered paragraph in the moving party's statement, including, in the case of any disagreement, specific references to the affidavits, parts of the record, and other supporting materials relied upon . . . ." N.D. Ill. L. R. 56.1(b)(3)(A). Higbee has failed to do this. Rather than respond point-by-point to Sentry's factual assertions, Higbee has responded to only some of Sentry's stated facts–often without making reference to evidence in the record to support her statements.

Sentry correctly states that the Seventh Circuit has held that "a failure to respond by the nonmovant as mandated by the local rules results in an admission." *Smith v. Lamz*, 321 F.3d

4

680, 683 (7th Cir. 2003). The Seventh Circuit has even repeatedly "sustain[ed] the entry of summary judgment when the non-movant has failed to submit a factual statement in the form called for by the pertinent rule and thereby conceded the movant's version of the facts." *Waldridge v. Am. Hoechst Corp.*, 24 F.3d 918, 922 (7th Cir. 1994). But "the decision whether to apply the rule strictly or to overlook any transgression is one left to the district court's discretion." *Little v. Cox's Supermarkets*, 71 F.3d 637, 641 (7th Cir. 1995) (citation omitted). The Court agrees with Sentry that Higbee's counsel seemingly has chosen "to ignore the rule and create undue work for this Court." Def.'s Reply at 3. But given the long history of this case, the Court opts not to penalize her for her lawyer's noncompliance with Rule 56.1.

1. **Sexual harassment claim**

Higbee alleges that she was sexually harassed in violation of Title VII by Francsis. Compl. ¶ 11. Sentry argues that it is entitled to summary judgment because even if Higbee could prove Francsis touched her breast, she cannot establish a basis for employer liability. Def.'s Mot. at 2-3. An employer's liability for sexual harassment depends on whether the alleged harasser is the victim's supervisor or co-employee and whether tangible employment actions were taken against the victim by the alleged harasser.

> An employer is subject to vicarious liability to a victimized employee for an actionable hostile environment created by a supervisor with immediate (or successively higher) authority over the employee. When no tangible employment action is taken, a defending employer may raise an affirmative defense to liability or damages, subject to proof by a preponderance of the evidence, see Fed. Rule Civ. Proc. 8(c). The defense comprises two necessary elements: (a) that the employer exercised reasonable care to prevent and correct promptly any sexually harassing behavior, and (b) that the plaintiff employee unreasonably failed to take advantage of any preventive or corrective opportunities provided by the employer or to avoid harm otherwise. . . . No affirmative defense is available, however, when the supervisor's harassment culminates in a tangible employment action,

5

such as discharge, demotion, or undesirable reassignment.

*Burlington Indus., Inc. v. Ellerth*, 524 U.S. 742, 765 (1998). When the alleged harasser is not the victimized employee's supervisor, the employer is liable for the harassment only if it has "'been negligent either in discovering or remedying the harassment.'" *Parkins v. Civil Constructors of Ill., Inc.*, 163 F.3d 1027, 1032 (7th Cir. 1998) (citation omitted).

Sentry argues it cannot be held vicariously liable for any harassment by Francsis because he had no supervisory authority over Higbee and Sentry fulfilled its duty to investigate Higbee's claim of sexual harassment. The parties agree that for the duration of Higbee's employment, Lang was her direct supervisor. Pl.'s Resp. ¶ 14; Def's Facts ¶ 12. But the deposition testimony of Lang and Francsis suggests that at a minimum there is a genuine issue of material fact as to whether Francsis also had supervisory power over Higbee.

The Seventh Circuit commonly defines a supervisor as one who has the power to "hire, fire, demote, promote, transfer or discipline" the victimized employee. *Parkins*, 163 F.3d at 1034. Lang stated in a deposition that Francsis provided the feedback that he incorporated into Higbee's yearly performance evaluations. Def.'s Ex. D at 36. Usually "the fact that an employer authorizes one employee to oversee aspects of another employee's job performance does not establish a Title VII supervisory relationship." *Hall v. Bodine Elec. Co.*, 276 F.3d 345, 355 (7th Cir. 2002). But the evidence suggests Francsis may have had far more actual authority over Higbee than just evaluating her performance.

Both Lang and Francsis indicated in their depositions that Francsis had the authority to approve or deny case assignments made by claims adjusters to rehabilitation nurses like Higbee. *See* Lang Dep. at 44; *e.g.*, Francsis Dep. at 53. *See, e.g.*, Def. Mot. Ex. S. In recognition of this

6

authority, Lang requested Francsis refer more cases to Higbee, whose caseload started dropping precipitously around the same time the alleged harassment began. Lang Dep. at 109-10. The Seventh Circuit has held that an individual is a supervisor if "he possesses the authority to *directly* affect the terms and conditions of a victim's employment." *Hall*, 276 F.3d at 355. A reasonable trier of fact could find that Francsis had the authority to control Higbee's caseload and that this authority constituted the power to directly affect the terms of her employment. Consequently, the Court denies Sentry's motion for summary judgment on the harassment claim.

### 2. Age discrimination claim

Higbee alleges that her termination constituted age discrimination in violation of the ADEA. A plaintiff alleging discrimination "need only raise an inference of discrimination" to survive a summary judgment motion. *Kariotis v. Navistar Int'l Transp. Corp.*, 131 F.3d 672, 676 (7th Cir. 1997). Higbee can do so by either (1) presenting enough direct or circumstantial evidence "to raise a genuine issue whether the employer has a discriminatory motivation in carrying out the challenged employment action," or (2) using the burden-shifting framework first articulated in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). *Kariotis*, 131 F.3d at 676. Under this first method, called the direct-proof method, the "plaintiff must show either an acknowledgment of discriminatory intent by the defendant or its agents, or circumstantial evidence that provides the basis for an inference of intentional discrimination." *Huff v. UARCO*, 122 F.3d 374, 380 (7th Cir. 1997). One type of circumstantial evidence of intentional discrimination recognized by the Seventh Circuit is "suspicious timing, ambiguous statements, behavior toward or comments directed at other employees in the protected group, and other evidence from which an inference of discriminatory intent might be drawn." *Id.*

7

Higbee argues that she has raised an inference of discrimination through the direct-proof method. Pl.'s Resp. ¶¶ 19-20. As direct evidence of discriminatory intent, she provides her deposition testimony that Lang spent an hour pressuring her to retire in March 1994 and followed up their conversation with a memo. Pl.'s Dep. at 441. At his deposition, Lang recalled the conversation differently, saying he never pressured her to retire. Lang's Dep. at 95-96. Who to believe constitutes a credibility determination best left to a jury, but for the purposes of summary judgment, the Court will assume that Higbee's account is accurate. Higbee supplements her direct evidence with circumstantial evidence of suspicious timing. The retirement conversation occurred three months after Lang gave her an "unacceptable" rating and only two days before Higbee signed the evaluation. Subsequent to the retirement conversation, Higbee, who in her first four years with Sentry had scored commendable and superior ratings, did not receive an evaluation higher than "acceptable." Higbee suggests that Lang began understating her performance to manufacture the pretext for eventually firing her in the event that she wouldn't retire. Pl.'s Resp. ¶ 20. The Court finds Higbee has raised the inference of discrimination necessary for her claim to withstand Sentry's motion for summary judgment. Because the Court finds Higbee has made out an inference of discrimination through direct proof, the Court need not consider whether Higbee is entitled to burden-shifting under *McDonnell Douglas*. Sentry's motion for summary judgment on the age discrimination claim is denied.

### 3. Claim of retaliation

Title VII prohibits an employer from retaliating against an employee "because he has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted, or participated in any manner in an investigation,

8

proceeding, or hearing under this subchapter." 42 U.S.C. § 2000e-3(a). Higbee's response brief appears to conflate her quid pro quo sexual harassment claim with her retaliation claim. Higbee has two explanations for her demise at Sentry that she calls retaliation. First, she argues that Francsis pressured Lang to give Higbee poor performance evaluations. Pl.'s Resp. ¶ 30. She supports this claim with her deposition testimony that Lang explained his enhanced scrutiny of her performance by stating "Ted told me I had to do it." Pl.'s Dep. at 255. Second, Higbee argues that Sentry retaliated against her for making a complaint against Francsis by scrutinizing her work and firing her.[1] Pl.'s Resp. ¶ 41. The latter theory constitutes a claim of retaliation; the former is actually a claim of quid pro quo sexual harassment. For the reasons stated above, Higbee has demonstrated that a genuine issue of fact remains on her sexual harassment claim. Therefore, her allegation that Francsis pressured Lang to understate her performance survives summary judgment as part of her sexual harassment claim. However, Higbee has failed to provide any evidence to support her straight retaliation claim.

Higbee can defeat Sentry's motion for summary judgment on the claim that Sentry fired her in retaliation for filing a sexual harassment complaint by (1) "present[ing] direct evidence . . . that [s]he engaged in protected activity . . . and as a result suffered the adverse employment

---

[1] Higbee also suggests that Sentry engaged in post-employment retaliation by sabotaging her attempts to find a job after she left Sentry. Pl.'s Resp. ¶¶ 29, 37-41. She claims she lost several post-Sentry employment opportunities when firms she interviewed with called Sentry for references. Pl.'s Resp. ¶ 37. However, Higbee has not provided evidence that anyone at Sentry spoke poorly of her to inquiring employers. Higbee does provide the deposition testimony of two women who say Lori Ratcliff, who replaced Higbee at Sentry, told someone at a firm where Higbee had applied for a job in 2003 that Higbee had filed a sexual harassment suit against Sentry and was "bad news" and a "crazy lady." Intravartolo Dep. at 27; Van Dorn Dep. at 15. However, Higbee has not shown why Sentry should be held liable for statements made by Ratcliff in 2003 when she was no longer an employee of Sentry.

action of which [s]he complains," or (2) "show[ing] that after filing the charge only [s]he, and not any similarly situated employee who did not file a charge, was subjected to an adverse employment action even though [s]he was performing h[er] job in a satisfactory manner." *Stone v. City of Indianapolis Pub. Util. Div.*, 281 F.3d 640, 644 (7th Cir. 2002). If the plaintiff chooses the second route, "an adaptation of *McDonnell Douglas* to the retaliation context," then the defendant is entitled to summary judgment only if it "presents unrebutted evidence of a noninvidious reason for the adverse action." *Id.*

Higbee has neither provided any direct evidence of retaliation nor made out a prima facie case of discrimination under *McDonnell Douglas*. She is not entitled to burden-shifting because she has not provided any evidence that she was performing her job in a satisfactory manner when she was terminated or that similarly-situated employees were treated differently. She attempts to rebut Sentry's justification for firing her by suggesting that Francesis orchestrated her poor performance evaluations and diminishing caseload. Pl.'s Resp. ¶ 33. But Higbee has not provided any evidence to substantiate this theory. Furthermore, Higbee received her first unacceptable rating from Lang more than six months before she ever reported the alleged harassment. For these reasons, Sentry's motion for summary judgment as to the retaliation claim is granted.

## Conclusion

For the reasons stated above, the Court denies Sentry's motion for summary judgment as to the sexual harassment and age discrimination claims, but grants the motion as to the retaliation

10

claim [docket # 87]. The case is set for a status hearing on October 2, 2003 at 9:30 a.m. to discuss the possibility of settlement. The final pretrial order remains due on October 31, 2003.

_____
MATTHEW F. KENNELLY
United States District Judge

Date: September 24, 2003