# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Matthew F. Kennelly | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 97 C 1349 | **DATE** | 6/11/2004 |
| **CASE TITLE** | Higbee vs. Sentry Insurance Co. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____ . Reply to answer brief due _____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
      ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]  For the reasons set forth on the attached Memorandum Opinion and Order, the Court taxes costs in favor of defendant Sentry Insurance Company in the amount of $8,460.49 ($4,128.75 for fees of court reporters, $3,589.24 for witness fees, and $742.50 for copying of documents).

(11) ■ [For further detail see order attached to the original minute order.]

| | | | Document Number |
|---|---|---|---|
| | No notices required, advised in open court. | | |
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | | |
| | Notified counsel by telephone. | JUN 2 1 2004 | |
| ✓ | Docketing to mail notices. | date docketed | /43 |
| | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | |
| OR | courtroom deputy's initials | date mailed notice | |
| | | Date/time received in Central Clerk's Office | mailing deputy initials |

IN THE UNTIED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

ROSEMARY HIGBEE, )
 )
        Plaintiff, )
 )
vs. ) Case No. 97 C 1349
 )
SENTRY INSURANCE CO., )
 )
        Defendant. )

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

A jury found against Rosemary Higbee on her claims against Sentry Insurance Company under Title VII of the Civil Rights Act of 1964 and the Age Discrimination in Employment Act. Sentry has petitioned the Court pursuant to Rule 54(d)(1) and 28 U.S.C. § 1920 for an award of costs in the amount of $24,291.12. Higbee has objected to specific aspects of Sentry's petition and also asks the Court to deny the petition in its entirety on the grounds that she is unable to pay a cost award. For the reasons stated below, the Court grants Sentry's petition, but only in the amount of $8,460.49.

### Discussion

Under Rule 54, "[c]osts other than attorneys' fees shall be allowed as a matter of course to the prevailing party unless the court otherwise directs." Fed. R. Civ. P. 54(d)(1). The costs recoverable under Rule 54(d)(1) are those specified in 28 U.S.C. § 1920. *Cengr v. Fusibond Piping Systems, Inc.*, 135 F.3d 445, 454 (7th Cir. 1998). Section 1920 permits a court to tax as costs the fees of the clerk and marshal; the fees of the court reporter "for all or any part of the

stenographic transcript necessarily obtained for use in the case"; fees and disbursements for printing and witnesses; fees "for exemplification and copies of papers necessarily obtained for use in the case"; and other items not relevant here. 28 U.S.C. § 1920.

1. **Fees of the court reporter**

   a. **Deposition expenses**

Deposition costs, including the costs of deposition transcripts, are recoverable under § 1920(2). *Cengr*, 135 F.3d at 454. Under Northern District of Illinois Local Rule 54.1(b), "the costs of the transcript or deposition shall not exceed the regular copy rate as established by the Judicial Conference of the United States and in effect at the time the transcript or deposition was filed unless some other rate was previously provided for by order of court." N.D. Ill. LR 54.1(b). The rate cap established in the Local Rule applies to deposition charges by private court reporters. *Cengr*, 135 F.3d at 456. The regular copy rate established by the Judicial Conference at all times relevant to the case was $3.00 for the original transcript and $0.75 for the first copy.

The Court rejects Sentry's request for reimbursement for fees charged for extra, condensed-copy transcripts and ASCII disks of depositions transcripts. Section 1920(2) requires a transcript to be "necessarily obtained for use in the case" for its cost to be recoverable. Under ordinary circumstances, the statute does not permit reimbursement for more than one copy of a deposition; in any event, Sentry has failed to show that these items were obtained out of necessity rather than for the convenience of counsel. *See, e.g., Williams v. Valtierra*, No. 00 C 5734, 2002 WL 424634, at *1 (N.D. Ill. Mar. 19, 2002) (citing cases).

Second, the Court agrees with Higbee that the request for reimbursement of the reporters' delivery charges and charges for making copies of exhibits are not recoverable. *See, e.g., Rogers*

*v. City of Chicago*, No. 00 C 2227, 2002 WL 423723, at *2 (N.D. Ill. Mar. 15, 2002) (Leinenweber, J.). With regard to the exhibits, Sentry has failed to allege, much less show, that these were anything more than extra copies of documents it already had. *See Cengr*, 135 F.3d at 456-57 (denying request for reimbursement of court reporters' charges for duplicating exhibits used at depositions).

In addition to seeking reimbursement of the cost of deposition transcripts, Sentry also requests reimbursement of hourly or fixed "appearance" fees charged by private court reporters. Though this Court has allowed reimbursement such fees on some prior occasions, we are persuaded by Judge Leinenweber's conclusion in *Rogers* that they are not recoverable to the extent they make the overall cost of the deposition transcript exceed the regular-copy rates approved by the Judicial Conference. *See Rogers*, 2002 WL 423723, at *3 (rates approved by Judicial Conference cover *all* costs of transcript production).

With these considerations in mind, the following expenses are properly recoverable:

| Deponent | Recoverable amount | Basis |
|---|---|---|
| Rosemary Higbee | $1,800.00 | 600 pages; $1,771.95 charged for transcript, plus the portion of the attendance charges that does not make the total exceed $3.00 per page |
| Roland Higbee | $297.00 | 99 pages; per page charge exceeded $3.00 |
| Jamie Tarkowski | $80.25 | transcript copy; 107 pages at $0.75 per page |
| C. Vedak | $294.00 | 98 pages; per page charge exceeded $3.00 |
| Linda Dods | $459.00 | 153 pages; per page charge exceeded $3.00 |
| Sandra Bonifas | $67.50 | transcript copy; 90 pages at $0.75 per page |
| Marcella Ehlert | $14.25 | transcript copy; 19 pages at $0.75 per page |
| Anieda Krause | $12.75 | transcript copy; 17 pages at $0.75 per page |

| Ted Francsis | $57.00 | transcript copy; 76 pages at $0.75 per page |
| Richard Lang | $119.25 | transcript copy; 159 pages at $0.75 per page |
| Karen Houdek | $654.00 | 218 pages; per page charge exceeded $3.00 |
| Lori Ratcliff et al. | $207.75 | transcript copies; 277 pages at $0.75 per page |
| **TOTAL** | $4,062.75 | |

The total recoverable amount for deposition transcripts is therefore $4,062.75.

### b. Trial transcript

Sentry ordered "daily" copy of the trial transcript and seeks to recover the $5,486.80 it was charged, as well as $106.26 that it paid for a transcript of a pretrial hearing. With regard to the hearing, only $66.00 is recoverable, representing the cost for regular delivery of the 22 page transcript, and omitting the extra charges for expedited delivery and for an ASCII disk.

The Court agrees with Higbee that Sentry has failed to establish a proper basis for recovery of the cost of the trial transcript. The cost of daily copy of a trial transcript may be recoverable so long as it is shown to have been reasonably necessary. *Majeske v. City of Chicago*, 218 F.3d 816, 825 (7th Cir. 2000). But necessity – the standard required by § 1920(2) – has not been established in this case. In *Majeske*, daily copy was shown to have be needed for cross-examination and for preparation of post-trial briefs. In this case, by contrast, no post-trial briefs were required; the Court denied Higbee's post-trial motion without requiring a response. And the trial itself did not involve complicated or unanticipated issues (at least Sentry has not shown that this is so). All of the witnesses that Higbee called at trial had been deposed, some of them very extensively. For example, Rosemary Higbee's deposition covered three days and 600 pages of transcript. Sentry has not pointed out any way, let alone any significant way, in which

4

any witness deviated from his or her expected testimony based on the depositions. The Court also rejects Sentry's remaining arguments as unsupported. In sum, Sentry has failed to establish that obtaining daily copy of the trial transcript was a matter of necessity as opposed to the convenience of counsel. The Court denies its request for reimbursement of the fees for the trial transcript.

2.     **Witness fees**

Section 1920(3) permits recovery of the fees of witnesses. Another statute, 18 U.S.C. § 1821(b), provides that a witness shall be paid "an attendance fee of $40 per day for each day's attendance," plus the same fee for any days "necessarily occupied in going to and returning from the place of attendance at the beginning and end of such attendance or at any time during such attendance. Recoverable witness fees also include a subsistence allowance in an amount not to exceed the maximum *per diem* allowance prescribed by the Administrator of General Services pursuant to 5 U.S.C. § 5702(a),[1] as well as "normal travel expenses." 18 U.S.C. § 1821(c)(4) & (d). Sentry seeks to recover a total of $6,780.11 for the expenses of nine of its witnesses.

It is apparent from reviewing the records supporting Sentry's request that it is seeking to recover for the subsistence of its witnesses for periods during which they were present not to appear at trial, but rather, in all likelihood, to meet with counsel and prepare to testify. Eric Fugina testified on the afternoon of Monday, January 12, yet Sentry seeks to recover for his subsistence for six days (Tuesday, January 6 through Monday, January 12), including four nights in a hotel. The same is true with respect to Peggy Anderson and Bobbi Hoover, who testified on

---

[1] The amounts requested by Sentry, as limited below, are all within the GSA-approved maximum subsistence allowance.

5

the morning of Monday, January 12, and Shari Brown and Kelly Kovatch, who testified on the afternoon of that same date. Sandra Bonifas testified on the morning of Thursday, January 8, but a request is made for subsistence expenses beginning on Sunday, January 4 and extending through January 8, including four nights in a hotel. Richard Lang testified on the afternoon of Monday, January 5 and on Tuesday January 6, yet a request is made for subsistence from Monday, January 5 through Thursday, January 8, including five nights in a hotel. Finally, Ted Francsis testified on Tuesday, January 6 and Wednesday, January 7, yet subsistence is sought for Sunday, January 4 through Monday, January 12, including six nights in a hotel.

The Court agrees with Higbee that recoverable expenses, under § 1920(3) and § 1821, are limited to expenses for the days on which the witness is traveling to and from court and the days on which the witness is present for the purpose of testifying, including days on which it could reasonably be expected that the testimony might be necessary.

There are three witnesses for whom travel expenses are claimed – Richard Lang, Eric Fugina, and Sandra Bonifas – their subsistence fees appropriately include the day before their court appearance. The Court rejects Higbee's argument that recovery should be denied for Ted Francsis because he was effectively a party to the lawsuit; Francsis' conduct was at issue in the case, but the only defendant was Sentry. We reject Sentry's argument that it should be able to recover for the cost of keeping witness Karen Houdek present for possible rebuttal testimony; based on the lack of any claim for travel expenses, it appears Houdek lives in the Chicago area, and thus it was not necessary to put her up in a hotel to assure her availability. We accept Sentry's similar argument with regard to Richard Lang. Lang had to travel over 280 miles to come to court, and thus it was reasonable for Sentry to keep him present until after Ms. Higbee

6

finished testifying, which appears to be the case based on the records submitted by Sentry.

The Court will therefore approve witness expenses of $3,589.24, calculated as follows:

| Witness | Dates of testimony | Dates recoverable | Daily fees | Mileage[2] | Meals & hotel[3] | TOTAL |
|---|---|---|---|---|---|---|
| Peggy Anderson | 1/12 | 1/12 | $40.00 | $0.00 | $121.50 | $161.50 |
| Sandra Bonifas | 1/8 | 1/7 & 8 | $80.00 | $241.06 | $277.95 | $599.01 |
| Shari Brown | 1/12 | 1/12 | $40.00 | $0.00 | $106.00 | $146.00 |
| Ted Francsis | 1/6 & 7 | 1/6 & 7 | $80.00 | $0.00 | $237.62 | $317.62 |
| Eric Fugina | 1/12 | 1/11 & 12 | $80.00 | $354.28 | $274.65 | $708.93 |
| Bobbi Hoover | 1/12 | 1/12 | $40.00 | $0.00 | $131.42 | $171.42 |
| Karen Houdek | 1/7 | 1/7 | $40.00 | $0.00 | $115.73 | $155.73 |
| Kelly Kovatch | 1/12 | 1/12 | $40.00 | $0.00 | $132.14 | $172.14 |
| Richard Lang | 1/5 & 6 | 1/4 - 1/9 | $240.00 | $199.24 | $717.65 | $1,156.89 |
| **TOTAL** | | | | | | $3,589.24 |

3. **Fees for exemplification and copying of papers**

   a. **Photocopying charges**

Sentry seeks to recover $1,233.40 for the duplication of papers at its counsel's offices, representing a total of 6,167 pages at $0.20 per page, the rate its counsel charges its clients for in-house copying. But "charges for in-house reproduction may not exceed the charges of an outside print shop," *Haroco, Inc. v. American Nat'l Bank Trust Co.*, 38 F.3d 1429, 1441 (7th Cir. 1994), unless some basis is established justifying higher charges. *See Manley v. City of Chicago*, 236

---

[2] The Court denies the request for reimbursement of Lang's mileage charge for 64 miles on December 30 to meet with Sentry's counsel.

[3] For Brown, the supporting material submitted by Sentry did not include any meal charges for 1/12/04.

F.3d 392, 398 (7th Cir. 2001) (declining to overturn cost award at higher rate where use of higher in-house rate was justified).

Sentry has provided no evidence regarding the rates charged by outside print shops. It appears to concede that its rate is higher than what would have been charged by an outside service, and in any event, based on the Court's experience in dealing with petitions for costs and expenses, the rate Sentry has proposed does in fact exceed the normal charges by outside establishments. In the absence of any evidence regarding the appropriate rate, the Court will reduce the request to the rate of $0.15 that we approved in *Pactiv Corp. v. S.C. Johnson & Son, Inc.*, Case No. 98 C 2679, slip op. at 3-4 (N.D. Ill. Mar. 12, 2001), a case in which $0.15 per page was the essentially the high end of various rates charged by outside vendors, except for a small handful of copies charged at a higher rate for particular reasons. Without any evidence from Sentry to the effect that current rates are higher, the Court finds no basis to make an award at a higher rate.

The Court also sustains Higbee's objection to the number of photocopies included by Sentry in its calculation. We agree with the alternate schedule proposed by Higbee, which includes only the required number of copies of papers filed in the case, a total of 4,950 pages. Though the Court appreciates the difficulty to defense counsel of the task involved in reconstructing the history of photocopying in the case, Sentry's proposed schedule makes no effort to identify the papers that were photocopied, making it impossible for the Court to determine whether the additional copies for which it seeks reimbursement were "necessarily obtained for use in the case" as required by § 1920(4).

For these reasons, the Court approves an award of $742.50, representing 4,950 pages at

$0.15 per page.

### b. Charges for preparation of demonstrative exhibits

Sentry seeks recovery of $4,417.48, paid to an outside vendor for preparation of demonstrative exhibits. The cost of preparation of such exhibits can be a recoverable expense for exemplification of papers, so long as they were reasonably necessary for use at trial. *See* 28 U.S.C. § 1920(4); *Cefalu v. Village of Elk Grove*, 211 F.3d 416, 428 (7th Cir. 2000). This requires an assessment of "whether the nature and context of the information being presented genuinely called for the means of illustration that the party employed. In other words, was the exemplification vital to the presentation of the information, or was it merely a convenience or, worse, an extravagance?" *Id.* at 428-29. "Exemplification that was not reasonably necessary to the presentation of one's case to the court does not qualify for reimbursement under section 1920(4)." *Id.* at 429.

Sentry seeks reimbursement for the costs of designing and preparing thirty-eight color copies, one black-and-white mounted enlargement, and seven mounted color charts. But it has not identified any of these items or described their use at trial, and it has not included copies with its cost submission. To the extent the exhibits were used at trial, the Court obviously saw them at that time, but without some prompting one cannot be expected to have total recall of such details. Reimbursement of this expense is denied because it has not been adequately supported.

### 4. Claim of inability to pay

Higbee claims she is unable to pay an award of costs. The Court may deny or reduce costs based on the losing party's inability to pay. *Reed v. Int'l Union of United Auto., Aerospace & Agric. Implement Workers of America*, 945 F.2d 198, 204 (7th Cir. 1991). Based on affidavits

9

submitted by Higbee, who is 67 years old, she appears to have regular monthly income from Social Security and a pension from Sentry totaling approximately $1,800 before deductions, and income from part-time employment of $500 (or sometimes more) per month before deductions. Her assets include her home, which needs significant repairs and whose value she estimates at perhaps $100,000, a 401(k) account at Sentry valued at $65,000 but which would be subject to taxation if withdrawn, and a $10,000 IRA account also subject to taxation if withdrawn. Higbee's husband is 77 years old and is employed as a college professor, but in her most recent affidavit Higbee states that he has contracted an unspecified illness which she says may jeopardize his ability to work.

Based on this information, though Higbee's finances are without question strained, the Court does not believe she has established an inability to pay the cost award. Though it is questionable whether her assets are subject to attachment to satisfy a cost award (her home is held with her husband in tenancy by the entireties, and the retirement accounts may be exempt from attachment), her income, with the limitations on garnishment that exist under the law, *see* 15 U.S.C. § 1673, is sufficient to permit payment of the reduced award approved by the Court over a period of time.

## Conclusion

For the reasons stated above, the Court taxes costs in favor of defendant Sentry Insurance Company in the amount of $8,460.49 ($4,128.75 for fees of court reporters, $3,589.24 for witness fees, and $742.50 for copying of documents).

*[signature]*
_____
MATTHEW F. KENNELLY
United States District Judge

Date: June 11, 2004