IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION



ROSEMARY HIGBEE,

    Plaintiff,

v.

SENTRY INSURANCE CO.,

    Defendant.

No. 97 C 1349

Judge: Matthew F. Kennelly

## NOTICE OF FILING

To:    Lee C. Malleris, Esq.
    Malleris & Malleris, Ltd.
    1627 Colonial Parkway, Suite 200
    Inverness, Illinois 60067

    PLEASE TAKE NOTICE that on February 11, 2004, there was filed with the Clerk of
the United States District Court for the Northern District of Illinois, the attached Defendant's Bill
of Costs and Memorandum in Support Thereof, true and correct copies of which are herewith
served upon you.

                    Respectfully submitted,

                    SENTRY INSURANCE CO.

                    By: _Angela C. Pavlatos_____
                        One of Its Attorneys

Edward C. Jepson, Jr., Esq.
Angela C. Pavlatos, Esq.
Vedder, Price, Kaufman & Kammholz, P.C.
222 North LaSalle Street, Suite 2600
Chicago, Illinois 60601
(312) 609-7500
Firm ID No. 90839

Dated: February 11, 2004

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

*FILED*

JUN 1 2004

JUDGE MATTHEW F. KENNELLY
UNITED STATES DISTRICT COURT

ROSEMARY HIGBEE,

    Plaintiff,

v.

SENTRY INSURANCE CO.,

    Defendant.

No. 97 C 1349

Judge: Matthew F. Kennelly

**DOCKETED**

JUL 02 2004

## MEMORANDUM IN SUPPORT OF DEFENDANT'S BILL OF COSTS

    Defendant, Sentry Insurance Co. ("Sentry"), by its attorneys, and in support of its Bill of Costs, submits the following.

## I.   INTRODUCTION

    On January 13, 2004, this Court entered judgment in Sentry's favor and against Plaintiff on all remaining counts of her Complaint against Sentry.

    Rule 54 of the Federal Rules of Civil Procedure provides that "Costs . . .shall be allowed as of course to the prevailing party unless the court otherwise directs." Fed. R. Civ. P. 54(d) ("Rule 54"). The costs that may be recovered pursuant to Rule 54(d) are those specified in 28 U.S.C. § 1920. *Cengr v. Fusibond Piping Systems, Inc.*, 135 F.3d 445 (7th Cir. 1998). Pursuant to Rule 54, 28 U.S.C. §1920 and Rule 54.1 of the Rules of the United States District Court for the Northern District of Illinois ("Local Rule 54.1"), Sentry, as the prevailing party, is entitled to an award of costs. All of the costs sought by Sentry were necessary to defend and ultimately prevail on the claims asserted against it by Plaintiff.

145

## II. SENTRY'S ENTITLEMENT TO SPECIFIC COSTS

### A. Sentry Is Entitled To Its Reasonable Expenses Incurred For Photocopies.

Pursuant to 28 U.S.C. §1920(4), a prevailing party is entitled to fees for photocopies of papers necessarily obtained for use in the case. *See SK Hand Tool Corp. v. Dresser Indus., Inc.*, 852 F.2d 936 (7th Cir. 1988), *cert. denied*, 109 S.Ct. 5241 (prevailing party may recover photocopying charges necessary for photocopy costs which were reasonably incurred).

Duplicating was performed at the offices of Sentry's counsel, Vedder, Price, Kaufman & Kammholz ("Vedder Price"). Vedder Price identifies photocopying charges to its clients by an assigned billing number; all copying related to a matter is charged to the client on a monthly basis at $.20 per page.[1] Records are generated and kept showing the date of the copying and the number of pages copied, but there is no record showing which document was copied on which date. Because this system does not specifically identify the item(s) copied, Sentry identified the pleadings and other documents for which they are entitled to recover copying costs (which include depositions, documents produced by Sentry, and documents copied by Sentry as trial exhibits), calculated the total number of pages, determined the number of copies made[2] and then multiplied the number of pages by the number of copies. *See* Schedule A, attached.[3]

---

[1] Twenty cents per page has been held as a reasonable per page copy rate for the Chicago area. Chamberlain Manufacturing Corp. v. Maremont Corp., 92 C 0835, 1995 WL 769782, *4 (N.D. Ill. Dec. 28, 1995).

[2] Differing numbers of copies are sought depending in the pleading involved, as follows: (1) for documents filed with the Court, four copies: one each for the Court, one for Defendant and one for Plaintiff; (2) where documents were not filed with the Court, such as a notice of deposition, two copies; (3) for all trial exhibits, 12 copies: one for each of the eight jurors, one for the Court, one for the witness and one for counsel for each side;

Sentry's photocopying costs are set forth in Schedule A, attached, and total $1233.40. This amount is greatly exceeded by the actual photocopying expenses of $7066.80 incurred by Sentry for photocopies of the pleadings and documents necessarily obtained for use in the case (see computer-generated records attached to Schedule A). Sentry has attempted to be conservative in this estimate and believes that this amount fairly reflects the taxable costs for copies reasonably necessary for use in this case.

### B. Sentry Is Entitled To Recover Its Costs Incident To The Taking Of Depositions.

Under 28 U.S.C. §1920(2) and Local Rule 54.1(b), Sentry is entitled to its costs, including witness and court reporter fees, incident to the taking of depositions. So long as the depositions were reasonably necessary, Sentry is entitled to these costs regardless of whether the depositions were actually used. *See Hudson v. Nabisco Brands, Inc.,* 758 F.2d 1237, 1242 (7th Cir. 1985) *overruled on other grounds, Provident Bank v. Manor Steel Corp.,* 882 F.2d 258 (7th Cir. 1989); *Independence Tube Corp. v. Copperweld Corp.,* 543 F.Supp. 706 (N.D. Ill.), 691 F.2d 310 (7th Cir. 1982), *rev'd on other grounds,* 467 U.S. 752 (1984). *See also* 28 U.S.C. §1920(2). Under Local Rule 54.1(b), such costs include the expense of one copy of deposition transcripts. *See SCA Services, Inc. v. Lucky Stores,* 599 F.2d 178, 180-81 (7th Cir. 1979); *EEOC v. Sears, Roebuck & Co.,* 111 F.R.D. 385, 393 (N.D. Ill. 1986).

The deposition transcripts of witnesses listed in Schedule B to Defendants' Bill of Costs were necessary because the deponents were all potential witnesses and most of

---

(4) for documents produced by Defendant throughout this litigation in discovery, two copies: one for Defendant and one for Plaintiff; and (5) for interrogatories and document requests served on Plaintiff, two copies: one for Defendant and one for Plaintiff.

[3] A copy of Sentry's Schedules to its Bill of Costs is attached hereto as Exhibit 1.

them testified at trial. Defendants' costs incident to the taking of depositions total $6267.47, and are set forth in Schedule B to its Bill of Costs.

## C. Sentry Is Entitled To Recover Costs Incident To Producing Demonstrative Exhibits.

Pursuant to 28 U.S.C. §1920(4), which allows for exemplification and copies, the reasonable expense of preparing demonstrative exhibits when necessarily obtained for use in the case are recoverable. To assist the jury in understanding the factual background of this case, Sentry, with the assistance of a legal visuals design service, prepared and produced demonstrative evidence. Sentry is entitled to recover those costs. *Phillips v. Cameron Tool Corp.*, 131 F.R.D. 151 (S.D.Ind. 1990) (defendant allowed to recover the costs of preparing schematic drawing of plant where accident occurred); *Soler v. McHenry*, 771 F. Supp. 252 (N.D.Ill. 1991), *aff'd*, 989 F.2d 251 (7th Cir. 1993) (prevailing party allowed cost of enlarging trial exhibit). *See also Kitchen v. TTX Company*, No. 97 C 5271, 2001 WL 40803, at *5 (N.D. Ill., Jan. 17, 2001) (awarding costs of $12,680 for the creation of demonstrative exhibits).

Sentry's costs for the demonstrative evidence was $4417.48, as shown in Schedule C to its Bill of Costs.

## D. Sentry Is Entitled To Recover Its Costs Incurred for Pretrial Hearing Transcripts and Daily Trial Transcripts.

A prevailing party may recover reasonable and necessary costs for transcripts of pretrial hearings under subsection 28 U.S.C. § 1920(2). *See Movitz v. First National Bank of Chicago*, 982 F. Supp. 571, 574 (N.D. Ill. 1997) (court allowed recovery of the transcript costs because "transcripts were reasonably necessary"). Sentry obtained transcripts of various hearings that occurred prior to trial to document proceedings and

rulings of the Court. Each side regularly relied on transcripts of earlier hearings in support of its position on later hearings or motions on discovery or other issues.

In addition, Sentry request the costs of the daily trial transcripts. Where a party has obtained daily transcripts for use during the trial rather than merely for convenience of the attorneys, the court may include the cost of daily transcripts. *See Majeske v. City of Chicago*, 218 F.3d 816, 825 (7th Cir. 2000). Here, Sentry obtained daily transcripts of the trial for more than mere convenience of its counsel. As in *Majeske*, Sentry used the transcripts to record the Court's oral rulings before and during trial, to prepare direct examination questions for its witnesses, to anticipate cross-examination questions and to cross-examine Plaintiff' witnesses. *See also Holmes v. Cessna Aircraft Co.*, 11 F.3d 63, 64 (5th Cir. 1994); *Galella v. Onassis*, 487 F.2d 986, 999 (2nd Cir. 1973); *EEOC v. Sears, Roebuck and Co.*, 114 F.R.D. 615, 622 (N.D.Ill. 1987).

Sentry's costs incurred for hearing transcripts and daily trial transcripts total $5593.06, and are set forth in Schedule D, attached to its Bill of Costs.

### E.    Sentry Is Entitled To The Expenses Of Its Witnesses.

Under 28 U.S.C. 1821(b), Sentry is entitled to recover the transportation expenses for their witnesses as well as a subsistence allowance. 28 U.S.C. §1821(c),(d). *See also, WH Smith Hotel Services, Inc. v. Wendy's International, Inc.*, 25 F.3d 422, 429-30 (7th Cir.) (awarding expenses of corporate officials who testified at trial); *Barker v. Ruth*, 7 F.3d 636, 645-46 (7th Cir. 1993) (allowing subsistence and travel expenses of prevailing party's witnesses).

Nine of Sentry's witnesses reside outside the Chicago area. They are Eric Fugina, Kelly Kovatch, Sandy Bonifas, Peggy Anderson, Bobbi Hoover, Shari Brown, Karen

Houdek, Richard Lang, and Ted Francis. It was necessary for all nine to travel to Chicago, incurring mileage and lodging expenses.

Sentry's expenses incurred for these nine witnesses total $6780.11, and are set forth in Schedule E, attached to its Bill of Costs.

### F. CONCLUSION

In accordance with the foregoing, Sentry respectfully requests that this Court enter an order approving its Bill of Costs.

Respectfully submitted,

SENTRY INSURANCE CO.

By: _ACPavlatos_

One of Its Attorneys

Edward C. Jepson, Jr.
Angela C. Pavlatos
Vedder, Price, Kaufman & Kammholz
222 North LaSalle Street
Suite 2600
Chicago, IL 60601-1003
(312) 609-7500
Dated: February 11, 2004

## CERTIFICATE OF SERVICE

The undersigned certifies that true and correct copies of the foregoing Defendant's Bill of Costs and Memorandum in Support Thereof were served on:

> Lee C. Malleris, Esq.
> Malleris & Malleris, Ltd.
> 1627 Colonial Parkway, Suite 200
> Inverness, Illinois 60067

by depositing the same in the U.S. mail, first-class postage prepaid, at 222 North LaSalle Street,

Chicago, Illinois 60601-1003 by 5:00 p.m. on February 11, 2004.

# See Case File For Exhibits