FILED
CERTIFIED COPY
MAR 2 7 2006
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

RECEIVED
MAR 2 7 2006
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

# In the
# United States Court of Appeals
# For the Seventh Circuit

No. 04-1502

ROSEMARY HIGBEE,

*Plaintiff-Appellant,*

v.

SENTRY INSURANCE CO.,

*Defendant-Appellee.*

---

Appeal from the United States District Court
for the Northern District of Illinois, Eastern Division.
No. 97 C 1349—Matthew F. Kennelly, *Judge.*

---

ARGUED DECEMBER 8, 2005—DECIDED MARCH 3, 2006

---

Before BAUER, POSNER, and KANNE, *Circuit Judges.*

KANNE, *Circuit Judge.* After a trial on the merits, a jury found for Sentry Insurance on Rosemary Higbee's claims of sexual harassment and age discrimination. The issue presented by this appeal is quite limited: whether the district court erred in instructing the jury as to who is a "supervisor" for purposes of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq. Because Higbee failed to object to the instruction, and there was no plain error, we affirm.

The basis of Higbee's argument, which we will assume is true, is that under the facts of her case she would have fared better at trial if it were not for this circuit's "cramped" definition of "supervisor." *See Rhodes v. Ill.*

*Dep't of Transp.*, 359 F.3d 498, 506 (7th Cir. 2004) (explaining that "[a] supervisor is someone with the power to *directly* affect the terms and conditions of the plaintiff's employment" (emphasis in original) (citing *Parkins v. Civil Constructors of Ill., Inc.*, 163 F.3d 1027, 1034 (7th Cir. 1998); *Hall v. Bodine Elec. Co.*, 276 F.3d 345, 355 (7th Cir. 2002))). She implores us to adopt the test utilized by the Second Circuit, which she describes as broader and more consistent with the goals of Title VII. *See Mack v. Otis Elevator Co.*, 326 F.3d 116, 126-27 (2d Cir. 2003) (criticizing the *Parkins* standard as too narrow and adopting the broader standard of "whether the authority given by the employer to the employee enabled or materially augmented the ability of the latter to create a hostile work environment for his or her subordinates").

It is true that there has been some dissatisfaction expressed with our definition of supervisor. *Rhodes*, 359 F.3d at 510 (suggesting "that we ought to re-examine the criteria we have articulated for identifying supervisors" out of concern that the current standard is too narrow) (Rovner, J., concurring). But we need not address that issue today; Higbee has forfeited the right to make the argument, and we find no plain error. Whether or not our definition of supervisor needs retooling will wait for another day and another case.

At Higbee's trial, the issue of who was a supervisor was the threshold issue as to the sexual discrimination claim. The district court—consistent with *Rhodes*, *Hall* and *Parkins*—instructed the jury that a supervisor was one who "had the authority to directly affect the terms and conditions of [Higbee's] employment." Higbee did not object to this instruction. Furthermore, after losing at trial, Higbee did not object in a post-trial motion. Instead, Higbee's post-trial motion argued that "[t]he jury's finding that [the alleged harasser] was not Plaintiff's supervisor

No. 04-1502                                                                             3

was against the manifest weight of the evidence." No mention was made of error in instructing the jury.

As we explain below, we have no difficulty concluding that Higbee's failure to object to the jury instruction is fatal to this appeal. But the lack of an objection does not preclude the possibility of review as Sentry argues. In the past, as Sentry notes, we have refused to engage in any review of jury instructions in a civil case where no objection was made. *Chestnut v. Hall*, 284 F.3d 816, 819 (7th Cir. 2002) ("Failure to challenge a jury instruction in a civil case results in a waiver and precludes appellate review.") (citations omitted); *Deppe v. Tripp*, 863 F.2d 1356, 1362 (7th Cir. 1988). There were two primary reasons for this, both based on the language of the Federal Rules of Civil Procedure. First, there is no provision in the rules generally allowing for plain error review, which led us to conclude that the "plain error doctrine, at best, has an extremely limited application in civil litigation." *Deppe*, 863 F.2d at 1361. Second, the *previous* language of Rule 51 was not just silent on the issue of plain error review for jury instructions, but instead indicated that such review was prohibited.[1] *Id.* at 1362.

The rules have since changed, however. Effective December 1, 2003, the rules now explicitly allow for plain error review of jury instructions in a civil case. Fed. R. Civ. P. 51(d)(2) (stating that a "court may consider a plain error in the instructions affecting substantial rights that has not been preserved"). But such review is still quite limited, discretionary, and in this case, of no help to Higbee.

---

[1] Before its most recent change, the relevant portion of Rule 51 stated: "No party may assign as error the giving or the failure to give an instruction unless that party objects thereto before the jury retires to consider its verdict, stating distinctly the matter objected to and the grounds of the objection."

4                                                                                               No. 04-1502

The Advisory Committee notes to the new Rule 51 make clear that we should be guided by the principles of plain error in the criminal context, see *United States v. Johnson*, 520 U.S. 461, 466-67 (1997) (explaining that unpreserved errors may be corrected when there is (1) an error, (2) that is plain, (3) that affects substantial rights, and (4) seriously affects the fairness, integrity, or public reputation of judicial proceedings), while keeping in mind that the application of the doctrine may differ in the context of civil litigation.

What we have here is no error at all. The district court properly applied the law of the Seventh Circuit in instructing the jury, law which remains in force today. And we see no reason to reconsider our precedent on this appeal. This case began in 1997 and in the years since then Higbee has had a full opportunity to present her claims, including a jury trial on the merits where she could have made the legal challenge she makes now. The interests of justice would not be served by further prolonging this already lengthy litigation to consider changing the law Higbee was satisfied with until she lost.

Accordingly, the judgment is AFFIRMED.

A true Copy:

Teste:

                                      *Clerk of the United States Court of Appeals for the Seventh Circuit*